# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 08-069 |
|---|---|---|
| VERSUS | * | JUDGE DOHERTY |
| CLYDE J. PONTEFRACT (01) | * | MAGISTRATE JUDGE METHVIN |

### *REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS*
### *Rec. Doc. 29*

Before the court is the motion to suppress filed by defendant Clyde J. Pontefract on July 7, 2008. The government opposes the motion.[1]

No evidentiary hearing is required to resolve the motion because there are no material facts in dispute. United States v. Dean, 100 F.3d 19 (5th Cir.1996), *citing* United States v. Harrelson, 705 F.2d 733, 737 (5th Cir.§1983). For the following reasons, it is recommended that the motion be denied.

## FINDINGS AND CONCLUSIONS

### *Background*

The following facts are not in dispute: Late on the evening November 5, 2007, the Allen Parish Sheriff's Office was contacted regarding possible sexual abuse involving defendant's juvenile daughter. Defendant and his daughter were taken to the Sheriff's office for questioning. The victim told the officers that she had been beaten and sexually abused by defendant. She also stated that defendant took photographs of a sexual nature of her, which were located in their trailer, along with sex tapes and toys.

---

[1] Rec. Doc. 30.

The interviews went into the early hours of November 6, 2007. A search warrant was signed by Judge Patricia Cole of the 33rd Judicial District Court on November 6, 2007, stating that there was:

> [G]ood reason to believe that on or in the (premises) located at: A camper trailer located at 12760 Hwy 12, Elizabeth, in Allen Parish, State of Louisiana, all of which are more fully described in the application for this warrant, there is now being concealed: sexual photographs of a juvenile, sexual tapes, sexual toys, and any paperwork which may identify individuals in control of the camper trailer.[2]

Defendant was present when the officers executed the search of the camper trailer. The events are described in the affidavit of Allen Parish Sheriff's Detective Greg Quirk:

> I entered the door on the south side of the camper and on the east end of the camper, I observed a laptop computer on a table with pornographic magazines and tapes beside the laptop. I exited the camper and advised Detective Perkins that I had observed the magazines and tapes inside the camper next to a laptop.
>
> Detective Perkins then showed Mr. Pontefract a photograph of his daughter posing in a sexually suggestive manner, which was located by Officer Lockett. Further, Detective Perkins asked Mr. Pontefract about the videos, magazines and the laptop I had observed. Detective Perkins asked him if he had any illegal images on the computer and he stated he had some "crazy stuff" on the computer and he also had pornographic pictures of young girls, but he did not think the pictures were illegal. He advised that his password to the laptop was "smoke" and Detective Perkins advised Mr. Pontefract that the computer would be seized in connection with the search warrant.
>
> I re-entered the trailer and continued my search for items of interest. Knowing that personal computers are often used to store the photographs and videos, I searched the personal laptop of Clyde Pontefract for the purpose of locating any and all forms of pornographic photographs of the victim and/or sexual photographs of a juvenile, believing that said search of the laptop was within the scope of the search warrant. I logged into the computer using the password supplied by Mr. Pontefract and opened several folders containing what was believed to be child pornography before locating images of young female juveniles.

---

[2] Rec. Doc. 30, Exhibit 2.

Upon locating said locations of possible images of juveniles, I advised Allen Parish Sheriff's Evidence Office Chris Oakes to seize the magazines, tapes and the laptop.[3]

The laptop was brought to the Allen Parish Sheriff Evidence Custodian. According to defendant, while in the custody of the Sheriff's office, the laptop was accessed again. On November 7, 2007, the Sheriff's Evidence Custodian transported the laptop to Agent James Thomas, with U.S. Immigration and Customs Enforcement.

Agent Thomas applied to this court for a search warrant specifically aimed at a search of the computer contents.[4] The application did not reference the fact that child pornography had already been found on the computer, but instead alleged that there was probable cause to search the computer because defendant admitted to having numerous nude pictures of juvenile girls on his computer. U.S. Magistrate Judge Alonzo Wilson signed the search warrant on November 7, 2007. The laptop was transported to I.C.E. Agent Erol Catalan, a forensic examiner, who discovered several images and video files of child pornography.

### *Issue Presented*

Defendant contends that since the laptop was not "the subject of" the search warrant issued by the state judge, the search of its contents prior to issuance of the federal search warrant

---

[3] Rec. Doc. 30, Exhibit 4.

[4] Rec. Doc. 30, Exhibit 6.

was a violation of his Fourth Amendment rights.[5] Defendant seeks to suppress evidence seized in connection with the search warrants.

*FINDINGS AND CONCLUSIONS*

**Validity of the Search**

To satisfy the Fourth Amendment, a search warrant must based upon probable cause, supported by oath or affirmation, and must describe with particularity the place to be searched and the things to be seized. U.S. Const. Amend. IV; Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284 (2004). On a motion to suppress, the mover bears the burden of proving that the evidence was obtained in violation of his Fourth Amendment rights. United States v. Kelley, 981 F.2d 1464, 1467 (5th Cir.1993), *citing* United States v. Smith, 978 F.2d 171, 176 (5th Cir. 1992).

Defendant does not challenge the state search warrant on probable cause grounds. He contends, rather, that since the warrant did not specifically list the computer as a "place to be searched" or a "thing to be seized," the search of the laptop for photos was illegal. In other words, defendant contends that either the warrant was insufficiently particular, or that Officer Quirk exceeded the scope of the search warrant.

The Fourth Amendment requires that the warrant provide a description that "would permit an executing officer to reasonably know what items are to be seized." United States v.

---

[5] Defendant argues:
A review of the facts clearly indicates that defendant Clyde J. Pontefract's laptop computer was not the subject of the search warrant issued by the State District Court Judge. Furthermore, the defendant's laptop computer was accessed while in the possession of the Allen Parish Sheriff's office prior to a Federal Search Warrant being issued on November 7, 2007. All of the images contained on the laptop computer were seized illegally and in violation of the Clyde J. Pontefract's 4th Amendment rights. Therefore, all of the evidence seized from the defendant's computer should be suppressed. (Rec. Doc. 29-2 at p. 4.

Beaumont, 972 F.2d 553, 560 (5th Cir. 1992)(emphasis supplied).[6] The items seized must be described with "reasonable specificity, but not with elaborate detail." U.S. v. Hill, 19 F.3d 984, 987-988 (5th Cir. 1994) *citing* United States v. Somers, 950 F.2d 1279, 1285 (7th Cir.1991). The determination of whether evidence seized falls within the scope of the warrant turns on the substance of the items seized, and functionally equivalent items are within the scope of the warrant. Hill, 19 F.3d at 988 *citing* United States v. Word, 806 F.2d 658, 661 (6th Cir.1986) (holding that warrant authorizing seizure of "prescription pads, correspondence, patient logs, appointment books, patient payment records, medical records" included the functional equivalent items of "day sheets," "spiral notebooks for sign-in," "patient hospital admission records," and "patient encounter forms" which were seized by the officers).

Here, although the state warrant did not specifically list defendant's computer as an item to be searched and seized, it specified the items being sought as "sexual photographs of a juvenile, sexual tapes ..." Photographs may be either printed or digital; both are common. Defendant cites no support for the contention that a warrant authorizing the search of a home or trailer for photographs of child pornography, otherwise supported by probable cause, must distinguish between digital and paper photographs in order to satisfy the particularity requirement. Nor does defendant cite authority for the flip side of this argument: that the officers exceeded the scope of the warrant by searching the laptop, because the laptop itself was n not listed as a "place to be searched."

---

[6] The particularity requirement ensures that the right to privacy is protected against a general rummaging through an individual's possessions. Go-Bart Importing Co. v. U.S., 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931).

The warrant authorized the search and seizure of sexual photographs and tapes of juveniles. Defendant told the officers at the time of the search that there were pornographic pictures of young girls on his laptop. Under these circumstances, the search and seizure of the laptop was clearly within the scope of the state warrant. *See* United States v. Gomez-Soto, 723 F.2d 649 (9th Cir.), cert. denied, 466 U.S. 977 (1984) ("if a warrant sufficiently describes the premises to be searched, this will justify a search of the personal effects therein belonging to the person occupying the premises if those effects might contain the items described in the warrant."); U.S. v. Sprewell, 936 F.2d 581 (9th Cir. 1991) (unpublished) (computer is a recording device where an officer searching for pay-and-owe sheets could reasonably expect to find information).

It is also noted that since the defendant could easily delete the information from his computer, the seizure of the computer was warranted under the exigent circumstances exception to the search warrant requirement.[7]

***Independent source doctrine***

If the court agrees that the initial search and seizure of the computer did not violate defendant's Fourth Amendment rights, there is no need to address the independent source doctrine. For completeness of the record, however, this issue will be addressed.

---

[7] Situations where exigent circumstances have given rise to a warrantless entry include: (1) the possibility that evidence will be removed or destroyed; (2) the pursuit of the suspect; and (3) immediate safety risks to officers and others. United States v. Jones, 239 F.3d 716, 720 (5th Cir.2001). See United States v. Richard, 994 F.2d 244, 248 (5th Cir.1993). The determination for when exigent circumstances exist is a factual determination for which there is no set formula. United States v. Blount, 123 F.3d 831, 837 (5th Cir.1997), cert. denied, 522 U.S. 1138, 118 S.Ct. 1101, 140 L.Ed.2d 155 (1998).

An exception to the exclusionary rule is the independent source doctrine, which does not prohibit the introduction of evidence that was acquired through a distinct, untainted source. U.S. v. Grosenheider, 200 F.3d 321 (5th Cir. 2000). The independent source doctrine extends to evidence "initially discovered during, or as a consequence of, an unlawful search, but later obtained independently from activities untainted by the initial illegality." Murray v. United States, 487 U.S. 533, 537, 108 S.Ct. 2529, 2533, 101 L.Ed.2d 472 (1988). In order to invoke the independent source doctrine, the court must find that: 1) the decision-making process of the judicial officer issuing the warrant was shielded from the earlier alleged illegality; and 2) the agents would have sought the warrant even if that illegality had never taken place. Grosenheider, *citing* Murray.

The facts of Grosenheider, supra, are similar to those in the instant case, if it is assumed that the initial search in the case at bar was illegal. In Grosenheider, a computer repair shop discovered child pornography on a customer's computer and notified the police. A police officer then conducted an illegal search and seizure of the computer and subsequently returned it to the repair shop. A federal officer then obtained a warrant based on an affidavit without informing the judge of information obtained from the police officer's illegal search. A search warrant was issued based on the untainted information. The warrant was executed and incriminating evidence was found. The Fifth Circuit held that the information on the computer was admissible under the independent source doctrine.

Likewise, here the judicial officer issuing the search warrant was shielded from any illegality in the initial search (assuming there was one). The affidavit does not reference any

information gathered during the allegedly illegal search of the computer, but instead stated, in pertinent part:

> 32. On or about November 6, 2007, Assistant Chief Lockett and assisting officers executed a search warrant issued by 33rd Judicial District Court Judge, Patricia Cole, on the camper trailer belonging to Clyde J. Pontefract and did find still photographs of the juvenile victim posing nude and a second suspected juvenile showing her breast in a second photographs. A large quantity of sexual magazines were located inside the camper trailer, most of which were of young girls titled "Barely Legal", "Just Legal" and "Family Lust", and others revealing young girls posing nude, all were seized as evidence. A quantity of marijuana and weapons in close proximity to the marijuana were also found inside the camper and seized as evidence. Several DVD films of young girls were stacked adjacent to the above described laptop computer that was located near the front door inside the camper. The victim indicated her father forced her to watch the sexual DVD films with him. The Laptop and DVD films were seized for further investigation. A further search of the camper trailer revealed no further evidence...
>
> 33. Assistant Chief Lockett and Detective Ben Perkins of the Allen Parish Sheriff's Office, Oberlin, Louisiana conducted an interview with Clyde J. Pontefract at the Allen Parish Sheriff's Office, Elizabeth Substation. Detective Ben Perkins went over a "Your rights" and "Waiver" of rights form with Clyde J. Pontefract and asked if he understood his rights. Pontefract stated "yes" and signed the waiver form. During the interview subject Pontefract stated he took the photograph of his daughter showing her breast. Pontefract further advised that he had numerous nude pictures of juvenile young girls on his computer, which he may have downloaded from the Internet.[8]

Thus, the affidavit presented to Magistrate Judge Wilson did not reference the fact that defendant's computer had already been briefly searched and incriminating evidence found. Instead, the affidavit outlines the fact that defendant had sexually explicit photographs of his juvenile daughter in his home and, more importantly, that he admitted that he had pictures of

---

[8] Rec. Doc. 30, Exhibit 6. This paragraph contains an apparent error in that the interview of the defendant wherein he admitted to having pictures of young girls on his computer took place at the trailer, not at the Allen Parish Sheriff's Office. This error is inconsequential to the issues presented in the instant motion.

young girls on his computer. Thus, the information garnered from the initial search of defendant's computer did not make its way into the application for a federal search warrant.

For the foregoing reasons, I conclude that, even if the initial search of defendant's computer was a violation of his Fourth Amendment rights, the subsequent federal search warrant was based upon probable cause without consideration of any allegedly tainted evidence, and the evidence seized as result of the search warrant should not be suppressed.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to suppress be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days from the date of its service, or within the time frame authorized by Fed.R.Civ. P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on August 14, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)