RECEIVED
OCT - 1 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 08-00069 |
| VERSUS | JUDGE DOHERTY |
| CLYDE J. PONTEFRACT | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the defendant's motion to suppress be denied [Doc. 31]. Defendant Clyde J. Pontefract filed objections to Magistrate Judge Methvin's Report [Doc. 33], and the government filed a response [Doc. 34]. For the following reasons, this Court AFFIRMS and ADOPTS the recommendation of the magistrate judge. Therefore, defendant's motion to suppress is DENIED.

The facts of this matter have been set forth in considerable detail by the magistrate judge and will not be re-stated here. In a nutshell, the magistrate judge found that a search warrant issued by Judge Patricia Cole of the 33rd Judicial District Court in Allen Parish, Louisiana – which permitted law enforcement personnel to search for "sexual photos of a juvenile, sexual tapes, sexual toys, and any paperwork which may identify individuals in control of [a] camper trailer" -- was sufficiently particularized to permit the search and seizure of defendant's laptop computer, which was located in the trailer in plain view next to a stack of pornographic tapes and magazines. The state search warrant stated:

> That he has good cause to believe that on or in the (premises) located at . . . all of which are more fully described in the application for this warrant, there is now being

concealed: sexual photographs of a juvenile, sexual tapes, sexual toys, and any paperwork which may identify individuals in control of the camper trailer.

Which said property constitutes evidence of the commission of a crime or offense against the Laws of the State of Louisiana set forth in the Louisiana Revised Statutes, and I am satisfied from the affidavit(s) submitted in support of the application for this warrant that there is probable cause to believe that the aforesaid property is being concealed on the (Premises) above described, and that the aforesaid grounds for the issuance of this search warrant exists. (Gov. Ex. 2).

When searched, the laptop computer was found to contain images of child pornography, which defendant seeks to have suppressed.

In his motion to suppress, defendant does not challenge the state search warrant on probable cause grounds. Rather, defendant contends because the warrant did not specifically list the computer as a "place to be searched" or a "thing to be seized," the search of the laptop computer for photos was illegal.

In finding the search of the laptop computer was permissible pursuant to the state search warrant, the magistrate judge stated:

> Here, although the state warrant did not specifically list defendant's computer as an item to be searched and seized, it specified the items being sought as "sexual photographs of a juvenile, sexual tapes ..." Photographs may be either printed or digital; both are common. Defendant cites no support for the contention that a warrant authorizing the search of a home or trailer for photographs of child pornography, otherwise supported by probable cause, must distinguish between digital and paper photographs in order to satisfy the particularity requirement. Nor does defendant cite authority for the flip side of this argument: that the officers exceeded the scope of the warrant by searching the laptop, because the laptop itself was not listed as a "place to be searched."[1]

This Court need not address all of the objections urged by defendant to the magistrate judge's Report and Recommendation, as the majority of the objections raise neither new legal issues not

---

[1] The magistrate judge also concluded, on alternative grounds, the search of the laptop was proper under the "independent source doctrine." *See, e.g., United States v. Groshenheider*, 200 F.3d 321 (5th Cir. 2000). Because this Court concludes the state search warrant was sufficiently particular to include the search of the laptop computer in question, this Court need not address the magistrate judge's alternative finding.

already considered by the magistrate judge nor present a legal basis for a finding that the magistrate judge's conclusions were erroneous. This Court will, however, make the following points.

First, defendant's argument that the evidence demonstrates it is questionable whether defendant was clear about the "meanings of legal and illegal videos" or "understood the meaning of 'pornographic'" during his interview with police, which prompted the application for a warrant – and his request for a hearing "to determine these facts" – is misplaced. In this objection, it appears that, rather than arguing the laptop computer could not be searched pursuant to the state search warrant, the defendant is actually challenging the propriety of the issuance of the state search warrant itself. However, whether the warrant was properly issued by the state court judge is not an issue that was before either the magistrate judge or this Court.

The standard for the issuance of a search warrant is as follows:

> Under the constitutional safeguards of the Fourth Amendment, a judicial officer "may not properly issue a warrant to search a private dwelling unless he can find probable cause therefor from facts and circumstances presented to him under oath or affirmation". *Nathanson v. United States*, 290 U.S. 41, 47, 54 S.Ct. 11, 13, 78 L.Ed. 159 (1933). *Probable cause is deemed to exist "where the facts and circumstances within the affiant's knowledge, and of which he has reasonable trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed". United States v. Rich*, 5 Cir., 1969, 407 F.2d 934, 936 cert. denied, 395 U.S. 922, 89 S.Ct. 1775, 23 L.Ed.2d 239.
>
> Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial, *McCray v. Illinois*, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967); in judging probable cause, issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense. *United States v. Ventresca*, 380 U.S. 102, 108, 85 S.Ct. 741, 745, 13 L.Ed.2d 684 (1965).

*United States v. Melancon*, 462 F.2d 82, 89-90 (5th Cir.) (emphasis added), *cert. denied*, 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972).

Furthermore, it is well-established in the Fifth Circuit that ultimate probable cause decisions in issuing search warrants should be paid great deference by reviewing courts. *See Melancon*, 462 F.2d at 89-90, *citing Jones v. United States*, 362 U.S. 257, 270-271, 80 S.Ct. 725, 734-736, 4 L.Ed.2d 697 (1960); *Spinelli v. United States*, 393 U.S. 410, 419, 89 S.Ct. 584, 590-591, 21 L.Ed.2d 637 (1969). *See also United States v. May*, 819 F.2d 531, 535 (5th Cir.1987), *citing Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); *United States v. Settegast*, 755 F.2d 1117, 1121 (5th Cir.1985), *quoting United States v. Phillips*, 727 F.2d 392, 394 (5th Cir.1984). Thus, a reviewing court may consider only information brought to the issuing judicial officer's attention. *Melancon*, 462 F.2d at 90, *citing Giordenello v. United States*, 357 U.S. 480, 486, 78 S.Ct. 1245, 1250, 2 L.Ed.2d 1503 (1958); *Aguilar v. Texas*, 378 U.S. 108, 109, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

Whether it was proper or not for the state court judge to issue the state search warrant, based on the information contained in the application and affidavits before her, is not an issue before this Court. What *is* before this Court is the issue of whether the state search warrant was sufficiently particularized to include the laptop computer as an item to be searched and seized. This Court agrees with the magistrate judge that it was. This Court finds that, in today's digital world, a laptop computer is as likely a place to find photographs as a photo album. Indeed, had the officers conducting the search located a photo album in the trailer from which photographs could not be removed without damaging or destroying the photo album or the photos themselves, seizure of the photo album and a subsequent search would have been permissible.

Moreover, defendant is not arguing the officers impermissibly searched, say, defendant's email or financial information, which might also have been contained on the lap top files. Indeed,

under the state search warrant, such a search would not have been permissible. Rather, the officers conducting the search were searching for photographs, and they accessed that portion of the defendant's computer – the drives and/or folders where such photographs were stored – in executing the warrant. Defendant has cited no statutory or jurisprudential authority for the contention that a warrant authorizing a search of a home or trailer for photographs of child pornography, otherwise supported by probable case, must distinguish between digital and paper photographs in order to satisfy the particularity requirement for the issuance of the warrant.

Considering the foregoing, this Court AFFIRMS and ADOPTS the recommendation of the magistrate judge. Therefore, defendant's motion to suppress is DENIED.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ____ day of October, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE