# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 08-00069** |
| **VERSUS** | * | **JUDGE DOHERTY** |
| **CLYDE J. PONTEFRACT (01)** | * | **MAGISTRATE JUDGE METHVIN** |

### *REPORT AND RECOMMENDATION ON SECOND MOTION TO SUPPRESS*
### (*Rec. Doc. 60*)

Before the court is a second motion to suppress filed by defendant Clyde J. Pontefract on June 1, 2009.[1]  The government opposes the motion.[2]

No evidentiary hearing is required to resolve the motion because there are no material facts in dispute.  United States v. Dean, 100 F.3d 19 (5th Cir.1996), *citing* United States v. Harrelson, 705 F.2d 733, 737 (5th Cir.§1983).  For the following reasons, it is recommended that the motion be denied.

## *FINDINGS AND CONCLUSIONS*

### *Background*

The general factual background of this case was fully detailed in the undersigned's previous report and recommendation on defendant's first motion to suppress, and will not be repeated here.[3]  The instant motion to suppress relates to the new Count 1 added by the superceding indictment returned on April 23, 2009.  The latter count charges defendant with

---

[1]  Rec. Doc. 60.  Pontefract's first motion to suppress, filed July 7, 2008 (Rec. Doc. 29), was denied without an evidentiary hearing on October 1, 2008 (Rec. Doc. 35).

[2]  Rec. Doc. 64.

[3]  Rec. Doc. 31.

production of child pornography.[4]  The limited issue before the court is whether the contents of a

lock box which comprise the evidence on Count 1 should be suppressed.

According to the government,

> Approximately one week after Clyde Pontefract was arrested for the child
> pornography found inside of his trailer, a private citizen Steve Allen, Jr.,
> discovered a locked box that belonged to Clyde Pontefract lying in a heap of junk
> in front of Clyde Pontefract's trailer.  When Allen grabbed the locked box, he
> shook it, and heard what he thought to be the sound of loose change shifting
> around inside the metal box. Allen then proceeded to pry open the lock box with a
> screw driver and discovered nude photographs of Clyde Pontefract, nude
> photographs of Lynn Pontefract [his minor daughter], marijuana, a marijuana
> smoking device, keys, correspondence belonging to Clyde Pontefract, a key chain,
> and other miscellaneous items.  After examining all of the contents of the lock
> box to include the fully nude photographs of Lynn Pontefract, Allen contacted the
> Elizabeth Police Department and informed them of his discovery.  Officer Drew
> Guslaw responded to the call and drove to the Piney Park Camp grounds and
> retrieved the lock box and its contents.  Officer Guslaw examined the contents of
> the lock box and delivered the box with its contents to Allen Parish Sheriff's
> Detective Chris Oakes.  Det. Oakes examined the contents of the lock box and
> then stored the lock box with its contents [in] the evidence room located at the
> Allen Parish Sheriff's Office.[5]

There is no dispute that the person who found the lock box, Steve Allen, Jr., is the son of the

campground manager.  Based upon the photographs, the government obtained a superceding

indictment on April 23, 2009, charging defendant with production of child pornography.

### *Issue Presented*

The sole issue before the court is whether the contents of the lock box should be

suppressed based upon on an alleged Fourth Amendment violation.

---

[4] The remaining, original, counts include 23 counts of receiving child pornography and one count of possession of child pornography.

[5] Government's Response to Defense Motion to Suppress, Rec. Doc. 64, pp. 1-2.

### *Applicable Law and Analysis*

Defendant's Fourth Amendment argument is conclusory and unsupported. He asserts that the last time he saw the lock box, it was in his trailer, where he had an expectation of privacy. He does not challenge the facts asserted by the government, however, regarding where and how the lock box was found, nor does he offer any evidence to support an alternative version. Defendant essentially seeks a chain of custody hearing, contending that "[t]here is no documentation verifying the chain of custody or giving a history of which agencies accessed this evidence without legal authority."

Defendant further challenges the warrantless nature of the search, arguing that, "[n]o search warrant has ever been issued to any police agency or government agency to search the contents of the lock box . . ."[6] Accordingly, the requirements of a search warrant under the Fourth Amendment will be addressed.

A defendant asserting a Fourth Amendment violation has the burden of proving such violation by a preponderance of the evidence. United States v. Riazco, 91 F.3d 752, 754 (5th Cir.1996). The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment proscribes only governmental action – it is "wholly inapplicable 'to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official.' " United States v. Jacobsen, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984) (quoting

---

[6]*Motion to Suppress* (rec. doc. 60).

Walter v. United States, 447 U.S. 649, 662, 100 S.Ct. 2395, 65 L.Ed.2d 410 (1980) (Blackmun, J., dissenting)).

Pontefract has made no argument that Steve Allen, Jr., the private citizen who initially searched the lock box, was acting under the color of government authority when he found the lock box outside of the trailer, opened it, and searched through it.   Thus, the Fourth Amendment is wholly inapplicable to the search and seizure of the lock box by Steve Allen, Jr.

The undersigned also finds the subsequent warrantless "search" by government officials not to be a search for Fourth Amendment purposes.

A "search" occurs for Fourth Amendment purposes when the government violates a subjective expectation of privacy that society considers objectively reasonable  Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).  "The Fourth Amendment does not provide blanket protection against searches ... on private property. Rather, the Fourth Amendment protects [only] those areas in which ... citizens have a reasonable expectation of privacy." United States v. Paige, 136 F.3d 1012, 1018 (5th Cir. 1998) quoting United States v. McKeever, 5 F.3d 863, 866 (5th Cir.1993) citing Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).  "Only if '[governmental] activity intrudes upon a reasonable expectation of privacy in a significant way' does the activity constitute a 'search' for Fourth Amendment purposes."  Id. quoting United States v. York, 895 F.2d 1026, 1028 (5th Cir. 1990). A person has a reasonable expectation of privacy if he has a subjective expectation of privacy and if society is prepared to recognize that expectation as objectively reasonable.  Katz, 389 U.S. at 361; United States v. Kye Soo Lee, 898 F.2d 1034, 1037-38 (5th Cir.1990);  United States v.

Cardoza-Hinojosa, 140 F.3d 610 (5th Cir.1998). The Fifth Circuit has identified the following

factors to be considered in assessing whether a reasonable expectation of privacy exists:

> whether the defendant has a [property or] possessory interest in the thing seized or
> the place searched, whether he has a right to exclude others from that place,
> whether he has exhibited a subjective expectation of privacy that it would remain
> free from governmental intrusion, whether he took normal precautions to maintain
> privacy and whether he was legitimately on the premises.

United States v. Ibarra, 948 F.2d 903 (5th Cir. 1991) *citing* United States v. Haydel, 649

F.2d 1152, 1154-55 (5th Cir. 1981).

It is not disputed that Pontefract was the owner of the lock box, and had a property

interest in same. However, the government contends, and defendant offers no evidence to the

contrary, that the lock box was found by a private citizen outside of Pontrefact's trailer lying in a

junk heap. Therefore, the undersigned finds defendant had no reasonable expectation of privacy

in the contents of the lock box, and there was no search for Fourth Amendment purposes.

Even if defendant did have an initial reasonable expectation of privacy in the lock box,

there is no argument or evidence submitted that the review of the contents of the lock box by the

officers exceeded the scope or product of the initial search of the lock box by the private citizen,

Steve Allen, Jr. Thus, the undersigned finds the review of the contents of the lock box by

officers was not a "search" within the meaning of the Fourth Amendment, as "a police view

subsequent to a search conducted by private citizens does not constitute a "search" within the

meaning of the Fourth Amendment so long as the view is confined to the scope and product of

the initial search." U.S. v. Bomengo, 580 F.2d 173 (5th Cir. 1978); see also United States v.

Paige, 136 F.3d 1012, 1019 (5th Cir.1998).

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion to suppress be **DENIED.**

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have ten (10) days from receipt of this Report and Recommendation to file specific, written objections with the Clerk of Court. Counsel are directed to furnish a courtesy copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within ten (10) days from the date of its service, or within the time frame authorized by Fed.R.Civ. P. 6(b), shall bar an aggrieved party from attacking the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 18, 2009**.**

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)