UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 2:08-cr-00069 |
| VERSUS | JUDGE DOHERTY |
| CLYDE J. PONTEFRACT | MAGISTRATE JUDGE HANNA |

**MEMORANDUM RULING**

(Rec. Doc. 112)

An evidentiary hearing was held on December 17, 2010, before the undersigned Magistrate Judge, with regard to the defendant's letter motion (Rec. Doc. 112), requesting assignment of a different lawyer to represent him. Present in court were Mr. Pontefract and his current attorney, Randal P. McCann. The assistant United States attorney, J. Collin Sims, submitted a letter to the court which was filed into the record documenting his view of the efforts undertaken by Mr. McCann on behalf of the defendant.

**BACKGROUND INFORMATION**

The defendant was charged with various crimes in an indictment dated March 11, 2008. (Rec. Docs. 1, 2). He was arrested, and following his initial appearance, arraignment, and detention hearing, he was detained pending trial, which is currently

scheduled for January 3, 2011. (Rec. Docs. 49, 107). He was subsequently indicted by superceding indictment on April 23, 2009 (Rec. Doc. 42) At the time of his initial appearance/arraignment on both the original and superceding indictments, the defendant had retained counsel. However, on October 21, 2009, the defendant represented that he was financially unable to employ counsel and requested that this Court appoint counsel to represent him. (Rec. Doc. 85). On November 5, 2009, CJA panel attorney Randal P. McCann was appointed to represent the defendant. (Rec. Doc. 88).

In the instant letter motion, Mr. Pontefract stated that he wishes "to fire my lawyer on the grounds that he will not keep me informed of court actions... will not explain to me in writing why he does not do as I ask him to do... gives me excuses as to why he will not do as I ask" and refuses to prepare a particular motion. (Rec. Doc. 112 at 2).

The undersigned went through the record of efforts undertaken on the defendant's behalf in specific detail. This included the colloquy between the defendant, Magistrate Judge Methvin and AUSA Sims in open court on October 21, 2009 during which he made the same complaints about his disagreement with the definition of child pornography that he now makes and would like to be made the

subject of a motion. The undersigned went through the statutory provisions and the defendant voiced his understanding of the current state of the law.

The undersigned also apprised the defendant that numerous counts of the superceding indictment had been voluntarily dismissed by the government, at least in part, due to the efforts of his current counsel.

Mr. McCann detailed the numerous measures he had personally undertaken in his defense of Mr. Pontefract, however, he did voice concerns over being able to view electronic images of photographs in the possession of the government with his client before the time of trial currently scheduled for January 3, particularly in light of logistical issues with the location where the defendant is incarcerated.

## DISCUSSION

In *United States v. Gharbi*, 510 F.3d 550, 553-554 (5th Cir. 2007)(internal citations omitted), the Fifth Circuit discussed a criminal defendant's right to counsel, as follows:

> The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." Part of this guarantee is a criminal defendant's right to retain the attorney of his choice. The right to counsel of choice, however, is not absolute. Rather, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure

>that a defendant will inexorably be represented by the lawyer whom he prefers."

In *United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir. 1995), the Fifth Circuit said: "We have repeatedly held that the right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of one's choice." In support of that statement, the court cited the following cases: *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir. 1986); and *United States v. Magee*, 741 F.2d 93, 94 (5th Cir. 1984). More recently, the court reiterated its conclusion, stating: "Inmates are not entitled to court-appointed counsel of their choice." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 300 (5th Cir. 1998), citing *United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir. 1995).

The undersigned finds no factual basis to discharge Mr. McCann as the attorney for the defendant. Further, in the interest of providing the defendant and his attorney additional time to view electronic images in the possession of the government, it was agreed the trial would be postponed by one week to begin on January 10, 2011. Further, efforts will be undertaken to transfer the defendant to a more convenient facility where he is to be held until the time of trial.

Accordingly,

IT IS ORDERED that the defendant's letter motion (Rec. Doc. 112) is DENIED;

IT IS FURTHER ORDERED that the trial of this matter currently scheduled for January 3, 2011 continued until January 10, 2011. All other deadlines imposed by the District Court remain in effect;

IT IS FURTHER ORDERED that the U.S. Marshall Service immediately notify Mr. McCann as to the defendant's location if a transfer to a different facility is accomplished;

IT IS FURTHER ORDERED that the transcript of the proceedings this date be placed under seal.

Signed at Lafayette, Louisiana, this 17th day of December, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)