# RECEIVED

MAY 1 0 2011 🖊

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 08-00069 |
| VERSUS | JUDGE DOHERTY |
| CLYDE J. PONTEFRACT | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Pending before this Court is the defendant's *pro se* letter motion, in which the defendant

seeks to withdraw his guilty plea and "demands" another lawyer to represent him "in the rest of [his]

court proceedings." [Doc. 146]. The record reflects that Randal P. McCann represents the defendant

in this matter, and that this is the second motion to withdraw Mr. McCann as his attorney that the

defendant has filed.[1] In the instant motion, the defendant argues he felt pressured to plead guilty, in

part because he was two weeks away from trial. The defendant also argues that at the guilty plea

hearing, he did not understand the concept of "other relevant conduct" and how that relevant conduct

might impact his ultimate sentence. The defendant also seeks to withdraw his guilty plea on grounds

"he felt helpless" when he pled guilty "because [Mr. McCann] flat out refuses to do anything but

work with the government to convict [him]." With respect to his representation by Mr. McCann,

the defendant argues Mr. McCann does not do what he says he is going to do. Additionally, the

defendant argues he has certain, specific objections he wishes to make to his PSI in advance of

sentencing, but that Mr. McCann will not put those objections into a "motion." Finally, the

defendant uses his letter motion to argue the images he has been convicted of possessing (by virtue

---

[1] The first motion, filed on December 12, 2010 [Doc. 110], was denied by the magistrate judge [Doc. 129] after conducting an evidentiary hearing.

of his guilty plea) are not pornographic, and his crime is not a federal crime.

## 1.    Motion to Withdraw Guilty Plea

Defendant seeks to withdraw his guilty plea, arguing he felt pressured to plead guilty because he was two weeks away from trial. Defendant also argues he did not understand the concept of "other relevant conduct" as explained to him at his plea hearing, and did not realize that in pleading guilty, his other relevant conduct could be used to potentially enhance his ultimate sentence. Finally, the defendant seeks to withdraw his guilty plea on grounds "he felt helpless" when he pled guilty "because [Mr. McCann] flat out refuses to do anything but work with the government to convict [him]."

It is well-settled that sworn statements in open court during a plea hearing "carry a strong presumption of verity." *United States v. Martinez-Molina*, 64 F.3d 719, 733 (5th Cir. 1995), *citing Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). *Allen v. United States*, 634 F.2d 316, 317 (5th Cir. 1981). "[T]he representations of the defendant ... [at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Further, documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *U.S. v. Abreo*, 30 F.3d 29 (5th Cir. 1994).

As an initial matter, this Court notes the defendant pled guilty before a magistrate judge, which is a permissible proceeding in federal court. Moreover, the record shows both the government and the defendant consented to the guilty plea going forward before the magistrate judge on a report and recommendation basis.[2] Therefore, there is no defect in the plea itself because of the fact that

_____

[2] *See* Corrected Transcript of Guilty Plea, Doc. 139, at p. 4.

it proceeded before a magistrate judge and not the district judge.

With respect to the defendant's argument that he did not understand the concept of "other relevant conduct" at his plea hearing, the record belies the defendant's assertion. At his plea hearing, the magistrate judge, defense counsel, and the defendant engaged in the following colloquy:

THE COURT: Has your attorney discussed with you the concept of relevant conduct and how it could affect your sentence under the Guidelines?

THE DEFENDANT: Yes, sir.

THE COURT: What facts are the government aware of that might affect relevant conduct and guideline computations for this defendant?

MR. SIMS: Your Honor, the government has spoken with both defense counsel as to the overall scope of this case which does involve relevant conduct. The relevant conduct which the government is aware of at this time consists of the activities alleged by the government that the defendant engaged in with his daughter and the images of child pornography that the defendant had received on his laptop computer.

Further, the government is aware and has made both defense counsel and the defendant aware of the knowledge that it has as to other relevant conduct as it relates to his stepdaughter, Brittany Lawson, and his sexual activities with that individual.

That is the relevant conduct the government is aware of at this point which could affect the defendant's sentencing range as per the Guidelines.

THE COURT: Mr. Pontefract, do you also understand that all of these matters may affect your sentencing guideline range and impact your sentence? May.

THE DEFENDANT: I thought when I was pleading to this I was pleading to just that guilt, so I'm a little bit confused now.

THE COURT: All right.

THE DEFENDANT: Okay.

THE COURT: Mr. McCann, would you like to explain to your client?

MR. McMANN:        Well, I would like to put something on the record. I understand what the government's position is. We do not necessarily agree that that relevant – that the activities that he has described equates to relevant conduct here. We will fight that position in a sentencing memorandum and/or objections to sentencing reports.

        We have filed --some of the information that he has described would fit as 404(b) in the substantive trial which we objected to and which we discussed at length in a pretrial conference.

        So we are aware that it exists out there, but we are also taking a position that that's not something that's going to be relevant conduct for purposes of this sentencing.

THE COURT: Do you understand that, Mr. Pontefract?

THE DEFENDANT: I think so.

THE COURT: Would you like to confer with your counsel privately for a moment?

MR. McMANN: Let's do that.

    (Off the record.)

MR. McMANN:        Sir, we've conferred, and he remembers that we've had an extensive discussion about this at the Breaux Bridge jail, and I explained the pros and cons and the strategy involved, and he understands that.

THE COURT:        Okay. So, Mr. Pontefract, let me ask you again. Do you understand that the matters described by Mr. Sims may affect your sentencing guideline range and impact your sentence?

THE DEFENDANT: Yes, sir.[3]

Thus, the record shows the magistrate judge permitted defense counsel and the defendant to confer privately to discuss the concept of "other relevant conduct" before the defendant testified on

---

[3] *Id.* at pp. 17-19.

the record that he understood the concept and the potential impact of such conduct on his sentence. After discussing the matter with his client, Mr. McCann stated on the record that although his client challenges certain conclusions reached within the PSI that relate to "other relevant conduct," the defendant would raise his challenges by filing objections to the PSI. Thereafter, the magistrate judge asked the defendant if he understood the concept of "other relevant conduct," and how it might impact his sentence, and the defendant affirmatively stated he did. Consequently, the defendant's argument in this regard lacks merit.

With respect to the defendant's argument that he felt "pressured" to plead guilty, this Court notes the defendant was specifically questioned at the plea about whether he was being "forced" to plead guilty, and he responded negatively, as follows:

Magistrate Judge:    Has anyone threatened or leaned on you or forced you to plead guilty or told you that if you do not plead guilty, further charges will be brought against you, or that other adverse action will be taken against you?

Defendant:    No, sir.[4]

Further, a review of the entire plea transcript shows the defendant understood the consequences of his plea, a matter that was confirmed by this Court in February 2011 when it reviewed the recommendation of the magistrate judge that the Court accept the defendant's guilty plea [Doc. 143]. Thus, after review of the record in this matter, this Court concludes the defendant's plea was knowing and voluntary, and the defendant's present allegations are self-serving, unsubstantiated, and insufficient to contradict his plea agreement and the statements he made under oath in open court. Considering the foregoing, the defendant's motion to withdraw his guilty plea is DENIED.

---

[4] *See* Corrected Transcript of Guilty Plea, Doc. 139, at pp. 13-14.

## 2.    Motion to Withdraw Attorney

In *United States v. Gharbi*, the Fifth Circuit discussed a criminal defendant's right to counsel, as follows:

> The Sixth Amendment to the Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." Part of this guarantee is a criminal defendant's right to retain the attorney of his choice. The right to counsel of choice, however, is not absolute. Rather, "the essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."

510 F.3d 550, 553-54 (5th Cir. 2007) (internal citations omitted).

In *United States v. Breeland*, 53 F.3d 100, 106 n.11 (5th Cir. 1995), the Fifth Circuit explained: "We have repeatedly held that the right to counsel guaranteed by the Sixth Amendment does not include the right to counsel of one's choice." *See also Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *United States v. Norris*, 780 F.2d 1207, 1211 (5th Cir. 1986); *United States v. Magee*, 741 F.2d 93, 94 (5th Cir. 1984). The Court reiterated its conclusion in later opinions, stating: "Inmates are not entitled to court-appointed counsel of their choice." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 300 (5th Cir. 1998), *citing United States v. Breeland*, 53 F.3d 100, 106 n. 11 (5th Cir. 1995).

Many of the defendant's complaints about Mr. McCann occurred in 2009 and 2010, prior to his plea, and were addressed by the magistrate judge at the December 17, 2010 evidentiary hearing. At that time, the magistrate judge allowed Mr. McCann to detail the numerous measures he had personally undertaken in his defense of the defendant. After considering the evidence and testimony of the defendant and Mr. McCann, the magistrate judge found no factual basis to discharge Mr. McCann as the defendant's attorney.

Since that time, the majority of the defendant's complaints about Mr. McCann center on the

defendant's argument that Mr. McCann refuses to object to certain portions of the PSI. However, review of the record shows Mr. McCann has filed <u>14 factual and legal objections</u> to the PSI in this matter, some of which address the issue of "other relevant conduct" as discussed at the defendant's plea hearing. Therefore, the defendant's argument that his attorney refuses to object to the PSI are incorrect.

With respect to the defendant's argument that the images he has been convicted of possessing were not, in fact, pornographic, and that his crime is not a federal crime, to the extent such arguments implicate a particular statute and its application to this matter, this Court concludes such argument is not properly raised in the motion before the Court. However, this Court will provide a copy of this Ruling to defense counsel so he can evaluate the arguments the defendant wishes to make and can take whatever action, if any, he deems appropriate.

Finally, this Court notes a review of the entirety of the record shows diligence and professionalism on the part of Mr. McCann in his representation of the defendant in this matter, notwithstanding any possible discussions between the defendant and Mr. McCann concerning certain strategic decisions in the defense of this case.

Considering the foregoing, the motion to withdraw Randal McCann as the defendant's attorney is DENIED.

IT IS ORDERED that counsel jointly contact this Court within five (5) days of the date of this Ruling for the purpose of scheduling the defendant's sentencing.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 10 day of May 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

SENT
5-10-11
CM
via fax : McCann
Sims

-7-