RECEIVED
IN LAKE CHARLES, LA.
OCT 20 2014
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08CR 0069-001 |
| VS. | : | JUDGE MINALDI |
| CLYDE J PONTEFRACT | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is a Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 217) pursuant to 28 U.S.C. §2255 filed by the defendant, Clyde J Pontefract. The Government filed an Answer (Rec. Doc. 222). The defendant filed a Reply (Rec. Doc. 224).

Procedural History[1]

On April 23, 2009, a federal grand jury returned a twenty-six (26) count indictment against the defendant charging him with one count of production of child pornography in violation of 18 U.S.C. § 2251(a), twenty-three (23) counts of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and one count of forfeiture pursuant to 18 U.S.C. § 2253. (Rec. Doc. 133-3).

On December 22, 2010, pursuant to a written plea agreement, the defendant pleaded guilty to one count of production of child pornography in violation of 18 U.S.C. § 2251(a). (Rec. Doc. 133). On January 12, 2012, he was sentenced to 360 months imprisonment, subject to supervised release for life, and was ordered to make restitution in the amount of $1,385. (Rec. Doc. 175). The

---

[1] As summarized by the Government.

United States Court of Appeals for the Fifth Circuit affirmed his sentence on March 4, 2013. The decision was issues as mandate on March 26, 2013. (Rec. Doc. 210). The defendant filed the instant motion on June 2, 2014. (Rec. Doc. 217).

Facts

The Stipulated Factual Basis for Guilty Plea provides that the defendant had his minor daughter stand completely nude (breasts and genitalia fully exposed) in the woods while he used a Polaroid instant film camera to take still photographs of his daughter in this state. Polaroid film is not made in the state of Louisiana and, therefore, the materials used to produce the child pornography traveled in interstate commerce at some point. (Rec. Doc. 133-2).

Law

Pontefract raises several arguments:

1) He alleges that he was sentenced outside of the sentencing range for conduct that was not included in the plea agreement. His sentence was appealed and was affirmed on appeal.

2) He claims that there is an applicable exception to federal jurisdiction in his case. Pontefract claims that he did not raise this issue on appeal because he was denied access to a law library for five years and he did not understand his rights under the law.

3) Pontefract argues that the court misapplied the element of "material" in 18 U.S.C. §2251. Pontefract argues that the Polaroid film that he used was not made in Louisiana and therefore it did not satisfy the "moved in interstate commerce" requirement of 18 U.S.C. §2251(a). This issue was raised on direct appeal and the Fifth Circuit affirmed this court's ruling.

4) The court deviated from Supreme Court precedent concerning "sexually explicit conduct." This issue was raised on direct appeal and the Fifth Circuit affirmed this court's ruling.

5) The defendant argues that this court is violating 18 U.S.C. § 2257(A) by not allowing the defendant to raise affirmative defenses permitted pursuant to §2257(A)(h). This appears to be a constitutional challenge. This issue was not raised on appeal. Again, the defendant asserts that he did not raise this issue on appeal because he was denied access to a law library for five years and he did not understand his rights under the law.

6) The defendant asserts that the Presentence Report (PSI) did not contain information favorable to the defendant. This is essentially an ineffective assistance of counsel argument.

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Placente* 81 F.3d 555, 558 ( 5th Cir. 1996) ; see *United States v. Cates*, 952 F.2d 149, 151 (5th Cir.), cert. denied, 504 U.S. 962, 112 S.Ct. 2319, 119 L.Ed.2d 238 (1992).

A defendant who has been convicted and has exhausted or waived his right to appeal is presumed to have been fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir.1991) (en banc), cert. denied, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992). "[A] collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Therefore, a defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to any such errors. *Id.* at 168, 102 S.Ct. at 1594. Ineffective

assistance of counsel is cause for a procedural default. *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir.), cert. denied, 506 U.S. 1007, 113 S.Ct. 621, 121 L.Ed.2d 554 (1992).

Prisoners in federal custody can attack their sentence under section 2255 for constitutional violations in the sentencing proceedings and also for nonconstitutional errors that, if not corrected, would result in a complete miscarriage of justice.[2] Even with respect to constitutional violations, the defendant cannot raise those claims for the first time in a section 2255 motion without also demonstrating cause for not raising the issue on direct appeal and actual prejudice stemming from the error.[3]

The issues raised and disposed of on direct appeal ( arguments numbered 1, 3 and 4 above) are not subject to further review under §2255.

In his second argument, Pontefract challenges the jurisdiction of the court in its application of 18 U.S.C. § 2251(a). This issue was not raised on direct appeal because Pontefract asserts that he did not have access to a law library. The defendant had counsel for his direct appeal, so access to a law library is not an issue. Further, to succeed with this argument, he must establish cause for his procedural default. He must show that "some objective factor external to the defense" prevented him from raising the claim on appeal. *McClesky v. Zant*, 499 U.S. 467 (1991).[4] The defendant has not met this burden. This applies to the defendant's fifth argument as well.

In the defendant's sixth and final argument, he alleges ineffective assistance of counsel. An

---

[2] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir.1994).

[3] *Id.*

[4] Lack of access to a law library has not been considered sufficient to establish cause excusing procedural default. *United States v. Liedke*, 107 F. App'x 416 (5th Cir. 2004) (unpublished).

ineffective assistance of counsel claim can be considered under 28 U.S.C. § 2255. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Navejar*, 963 F.2d 733, 735 (5th Cir. 1992).

Evaluating whether counsel was ineffective is subject to the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). The test requires first, "a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment," and second, a showing that the deficient performance so prejudiced the defense that the defendant was deprived of a fair and reasonable trial. *Uresti v. Lynaugh,* 821 F.2d 1099, 1101 (5th Cir. 1987) (quoting *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064); *United States v. Gibson*, 985 F.2d 212, 215 (5th Cir. 1993). The burden that *Strickland* poses on a defendant is severe. *Proctor v. Butler*, 831 F.2d 1251, 1255 (5th Cir. 1987).

One way to satisfy the deficiency prong of the *Strickland* test is for the defendant to demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. *Martin v. McCotter*, 798 F.2d 813, 816 (5th Cir. 1986), *cert. den.*, 107 S. Ct. 934, 479 U.S. 1056, 93 L.Ed.2d 985 (1987). Given the almost infinite variety of trial techniques and strategies available to counsel, this court must be careful not to second-guess legitimate strategic choices which may now, in retrospect, seem questionable or even unreasonable. The Fifth Circuit has stressed that, "great deference is given to counsel, 'strongly presuming that counsel has exercised reasonable professional judgment.'" *Id.* at 816 (quoting *Lockart v. McCotter*, 782 F.2d 1275, 1279 (5th Cir. 1986), *cert. den.*, 479 U.S. 1030, 107 S. Ct. 873, 93 L.Ed.2d 827 (1987)).

In evaluating counsel's alleged ineffective assistance "[i]t is not enough for the defendant to

show that the errors had some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067. Rather, the defendant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine such confidence in the outcome. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

If the defendant does not make a sufficient showing as to one section of the test, the other prong need not be considered. *Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994). Furthermore, the parts of the test need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n. 6 (5th Cir. 1998); *Murray v. Maggio*, 736 F.2d at 282.

Since the defendant pleaded guilty, all non-jurisdictional defects in the proceedings against the defendant are waived. This waiver includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the guilty plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *United States v. Smallwood*, 920 F.2d 1231, 1240 (5th Cir. 1991); *Smith v. Estelle*, 711 F.2d 677 (5th Cir. 1983). Regardless of his attorney's performance, "the conviction should be upheld if the plea was voluntary," for if the plea is voluntary, there is no prejudice. *Deville v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994).

The content of the plea agreement, signed by the defendant[5], as well as the Rule 11 colloquy, establishes that the guilty plea was voluntary. (Rec. Doc. 133).

To establish *Strickland* prejudice a defendant must "show that there is a reasonable

---

[5] Any dicuments signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994).

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice. *Lafler* v. *Cooper,* 566 U.S. ——, 132 S.Ct. 1376, 1384 (2012) (citations omitted). Pontefract merely asserts that he did not present these issues previously because he did not have an attorney competent enough to defend his rights. This allegation is not sufficient to meet his burden.

Accordingly, for the reasons set forth herein above, Pontefract's motion will be denied.

Lake Charles, Louisiana, this 16 day of October, 2014.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE