UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE No. 2:08-cr-0069 |
| **VERSUS** | : | UNASSIGNED DISTRICT JUDGE |
| **CLYDE J. PONTEFRACT** | : | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

Before the court is a Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 by defendant Clyde J. Pontefract. Doc. 235. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636.

Pontefract has previously filed a § 2255 motion in this court, attacking his 2011 conviction for production of child pornography as charged in a superseding indictment from April 23, 2009. Docs. 217, 42. After receiving a response from the government this court entered a judgment denying the motion on the merits on October 16, 2014. Docs. 226, 227.

Pontefract now brings the instant motion, alleging new grounds for ineffective assistance of counsel and *Brady* claims based on a letter he allegedly received in 2017. Doc. 235. This letter is one sent in 2009 by Donald Washington, former United States Attorney for the Western District of Louisiana, relating to misconduct by the Allen Parish Sheriff's Office and expressing Washington's office's unwillingness to adopt "any criminal cases from Allen Parish in which [the two officers involved] played a role in the investigation." Doc. 235, att. 1, p. 3.

Pontefract's conviction arose from investigations and searches conducted in part by the Allen Parish Sheriff's Office. *See, e.g.*, doc. 60, att. 1 (briefing on second Motion to Suppress). He

alleges that one of the officers (Detective Perkins) named in Washington's letter was involved in the search of his trailer and engaged in police misconduct at that time. Doc. 235, p. 4. He also maintains that he made these allegations known to his attorneys but that they would not listen, and that no one told him of Washington's letter. *Id.* at 4–11.

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Before ordering a response from the government, the district court must conduct a preliminary review of a § 2255 motion. Rules Governing § 2255 Proceedings in the United States District Courts, Rule 4(b). Upon that review, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." *Id.*

Pontefract's first § 2255 motion was adjudicated on the merits and so the instant motion qualifies as successive. A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242 (5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). When faced with an unauthorized second or successive § 2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the movant should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3.

Pursuant to 28 U.S.C. § 2255(h), a second or successive § 2255 Motion:

> must be certified ... by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

If Detective Perkins played the role that Pontefract alleges in his case, Pontefract may be able to satisfy the first prong of this test. Accordingly, **IT IS RECOMMENDED** that the motion [doc. 235] be transferred to the United States Court of Appeals for the Fifth Circuit.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of September, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE